**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DIGITALBRIDGE GROUP, INC., a corporation; FORMATION CAPITAL, LLC, a limited liability company; and FORMATION CAPITAL ASSETS MANAGEMENT III, LLC, a limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL FIRE & MARINE INSURANCE COMPANY, a corporation; and DOES 1 through 50, inclusive,<br>Defendants. | Case No. 2:26-cv-04587-SPG-E<br>District Judge: Sherilyn Peace Garnett<br>Magistrate Judge: Charles F. Eick<br><br>**~~[PROPOSED]~~ ORDER RE: DISCOVERY MATTER STIPULATED PROTECTIVE ORDER**<br><br>*Hon. Sherilyn Peace Garnett, District Judge*<br>*Hon. Charles F. Eick, Magistrate Judge* |

The Court, having reviewed the Discovery Matter Stipulated Protective Order submitted by the parties, Plaintiffs DIGITALBRIDGE GROUP, INC., FORMATION CAPITAL, LLC, FORMATION CAPITAL ASSETS MANAGEMENT III, LLC,

and Defendant NATIONAL FIRE & MARINE INSURANCE COMPANY (collectively, the "Parties"), and GOOD CAUSE appearing for same in order to facilitate discovery in this Action while addressing potential confidentiality concerns under federal law, state law, and applicable privacy rights, IT IS HEREBY ORDERED that the Discovery Matter Stipulated Protective Order (attached hereto as **Exhibit 1**) will govern the Parties' designation, disclosure, and use of documents and records in this action.

**IT IS SO ORDERED.**

DATED: 10/28/26

Hon. Charles F. Eick
United States Magistrate Judge

# *EXHIBIT "1"*

**FREEMAN MATHIS & GARY, LLP**
Albert K. Alikin (SBN 265119)
Albert.Alikin@fmglaw.com
Emily Duong (CA SBN 358160)
Emily.Duong@fmglaw.com
550 South Hope Street, Suite 2200
Los Angeles, California 90071
Tel.:(213) 615-7000
Fax: (833) 264-2083

**FREEMAN MATHIS & GARY, LLP**
David C. Hungerford (CA SBN 209609)
David.Hungerford@fmglaw.com
P. Betty Su (SBN 229103)
pbetty.su@fmglaw.com
1850 Mt Diablo Blvd,, Ste 510
Walnut Creek, California 94596
Tel.:(925) 446-2612
Fax: (833) 330-3669

Attorneys for Defendant
NATIONAL FIRE & MARINE INSURANCE COMPANY

**BARNES & THORNBURG LLP**
David P. Schack (SBN 106288)
david.schack@btlaw.com
Matthew B. O'Hanlon (SBN 253648)
matthew.ohanlon@btlaw.com
Alice M. Kyureghian (SBN 300972)
akyureghian@btlaw.com
Hira Yoshihara-Saint (SBN 347012)
hira.saint@btlaw.com
2029 Century Park East, Suite 300
Los Angeles, CA 90067-3012
Telephone: 310-284-3880
Facsimile: 310-284-3894

Attorneys for Plaintiffs
DIGITALBRIDGE GROUP, INC., FORMATION CAPITAL LLC, AND FORMATION CAPITAL ASSETS MANAGEMENT III, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGITALBRIDGE GROUP, INC., a corporation; FORMATION CAPITAL, LLC, a limited liability company; and FORMATION CAPITAL ASSETS MANAGEMENT III, LLC, a limited liability company,<br>Plaintiffs,<br>v.<br>NATIONAL FIRE & MARINE INSURANCE COMPANY, a corporation; and DOES 1 through 50, inclusive,<br>Defendants. | Case No. 2:26-cv-04587-SPG-E<br>District Judge: Sherilyn Peace Garnett<br>Magistrate Judge: Charles F. Eick<br>**DISCOVERY MATTER**<br>**STIPULATED PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED by and between Plaintiffs DIGITALBRIDGE GROUP, INC., FORMATION CAPITAL, LLC, FORMATION CAPITAL ASSETS MANAGEMENT III, LLC, and Defendant NATIONAL FIRE & MARINE INSURANCE COMPANY (collectively, the "Parties"), by and through their respective counsel of record, that in order to facilitate discovery in this Action while addressing potential confidentiality concerns under federal law, state law, and applicable privacy rights, the Parties stipulate to the following Protective Order:

## 1. INTRODUCTION

**1.1** Purposes and Limitations.

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to

discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 11.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

**1.2** Good Cause Statement.

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or other confidential and proprietary information for which special protection from public disclosure and from use for any purpose other than the prosecution and defense of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information or documents produced, received, generated or provided by the Parties or third parties in connection with the Underlying Action (defined in Section 2 below) that was designated as confidential in the Underlying Action, information otherwise generally unavailable to the public, or information which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled or required to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in this Action (defined in Section 2 below), to address their

handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2. DEFINITIONS**

2.1 Action: means the above-captioned action pending in the United States District Court for the Central District of California styled as DigitalBridge Group, Inc., et al. v. National Fire & Marine Company, Case No.: 2:26-CV-04587-SPG-E.

2.2 Underlying Action: the lawsuit styled as Hernandez, et al. v. FC Ranger Properties, LLC et al., filed in Sacramento County Superior Court, Case No. 34-2020-00275166.

2.3 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.4 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Rule 26(c) of the Federal Rules of Civil Procedure, and as specified above in the Good Cause Statement.

2.5 Counsel: attorneys who are employees of a party to this action.

2.6 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.7 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter or in the Underlying

Action.

2.8 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness.

2.9 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11 Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 Professional Vendors: persons or entities that provide litigation-support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3. SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or

compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Stipulated Protective Order does not govern the use of Protected Material at trial.

**4. DURATION**

Even after final disposition of this Action, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this Action and Underlying Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action and Underlying Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law ("Final Disposition").

**5. DESIGNATING PROTECTED MATERIAL**

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to

impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Stipulated Protective Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

Written discovery responses shall be designated as "CONFIDENTIAL" at the time of service. Document productions of a Party or Non-Party shall be designated as "CONFIDENTIAL" by the Producing Party at the time of production, though any Receiving Party who believes that a Producing Party has produced documents containing the Receiving Party's Confidential Material shall have seven (7) business days from receipt of the subject document production to designate such documents as "CONFIDENTIAL."

(b) for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, seven (7) business days from

receipt of the deposition transcript.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the "CONFIDENTIAL" legend. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1 et seq. Any discovery motion must comply with the procedures set forth in Local Rules 37.1, 37.2, and 37.3.

6.3 Burden. The burden of persuasion in any such challenge proceeding shall be on the Designating Party**.** Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on

the challenge.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Protected Material shall not be used by any other party, entity, person, or others, other than the party that produced it, in any other litigation (including but not limited to the Underlying Action), for business for competitive purposes, for any other purpose whatsoever. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 12 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only:

(a) to the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) to the officers, directors, and employees (including Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) to Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) to the Court and its personnel;

(e) to court reporters and their staff;

(f) to professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the “Acknowledgment and Agreement to Be Bound” (Exhibit A);

(g) to the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, to witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, provided: (1) the deposing party requests that the witness sign the “Acknowledgment and Agreement to Be Bound” (Exhibit A); and (2) the witness will not be permitted to keep any confidential information unless they sign the “Acknowledgment and Agreement to Be Bound” (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) to any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

**8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>**

If a Party is served with a discovery request, subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as “CONFIDENTIAL,” that Party must:

(a) promptly notify in writing the Designating Party and all other Parties and provide at least 30 days notice to contest the production of the Protected Materials. Such notification shall include a copy of the discovery request, subpoena

or court order;

(b) promptly notify in writing the party who caused the request, subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the discovery request, subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

For avoidance of any doubt, the terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

**9. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform

the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

**10. INADVERTENT OR VOLUNTARY PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL; FEDERAL RULE OF EVIDENCE 502(d) ORDER**

10.1 Rule 502(d) Order. Pursuant to Federal Rule of Evidence 502(d), the production or disclosure in this Action of any Protected Material, whether by a Party or Non-Party, shall not constitute or be deemed a waiver of any privilege or protection applicable to such Protected Material in this Action or any federal or state proceeding. This protection shall apply regardless of whether the production was inadvertent, and regardless of the degree of care taken by the Producing Party or Non-Party to prevent disclosure.

10.2 Application to Non-Parties. The protections of this Section expressly extend to documents and information produced by Non-Parties in response to subpoenas or otherwise in connection with this Action. A Non-Party that produced Protected Material may invoke the protections and procedures of this Section to the same extent as a Party.

10.3 Clawback Procedure. If a Producing Party determines that it has produced Protected Material, it may notify the Receiving Party in writing and identify the material claimed to be privileged or protected. Upon receipt of such notice, the Receiving Party shall sequester, return, or destroy all copies of the material pending resolution of any dispute concerning the asserted privilege or protection. If the Receiving Party disputes the claim or privilege or protection, it may present the issue to the Court for determination, provided that it shall not disclose the substance of the Protected Material beyond what is reasonably necessary to obtain such determination. The Receiving Party expressly reserves the

right to challenge any assertion of privilege or protection, including the applicability or scope of the asserted privilege or protection. The fact that the material has been returned, sequestered, or destroyed pursuant to this Section shall not constitute an admission that the material is privileged or protected. Unless and until the Court determines that the asserted privilege or protection does not apply, Protected Material subject to a clawback request shall not be used, disclosed, filed, quoted or otherwise relied upon in this Action, except as reasonably necessary to present the privilege dispute to the Court.

10.4 Effect of Order. This Section constitutes an order under Federal Rule of Evidence 502(d) and shall be interpreted to provide the maximum protection against waiver permitted by that Rule.

10.5 No Compulsion to Produce Privileged Material. Nothing in this Section shall be construed to require, compel, or otherwise obligate any Party or Non-Party to produce any document, communication, or information that is protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection under federal or state law. The protections afforded by this Section address only the consequences of production and do not override or diminish any Party's or Non-Party's right to withhold privileged or protected material from discovery.

## 11. MISCELLANEOUS

11.1 Right to Further Relief. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

11.2 Right to Assert Other Objections. By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this

Stipulated Protective Order.

11.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

**12. FINAL DISPOSITION**

After the final disposition of this Action, as defined in Section 4, within 60 days of a written request by the Designating Party, each Receiving Party must delete such material. As used in this subdivision, “all Protected Material” includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. The Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that confirms the deletion of Protected Material. Notwithstanding this provision, Counsel is entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

/ / /

**13. VIOLATION**

Any violation of this Stipulated Protective Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: October 28, 2026

**FREEMAN MATHIS & GARY, LLP**

By: /s/ David Hungerford
Albert K. Alikin
David Hungerford
P. Betty Su
Emily Duong
*Attorneys for Defendant*
NATIONAL FIRE & MARINE INSURANCE COMPANY

Dated: October 28, 2026

**BARNES & THORNBURG LLP**

By: /s/ Alice Hyureghian
David P. Schack
Matthew B. O'Hanlon
Alice M. Kyureghian
*Attorneys for Plaintiffs*
DigitalBridge Group, Inc., Formation Capital LLC, and Formation Capital Assets Management III, LLC.

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _________________________ **[print or type full name]**, of __________________ **[print or type full address]**, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on **[date]** in the case of *DigitalBridge Group, Inc. v. National Fire & Marine Insurance Company*, Case No. 2:26-cv-04587-SPG-E, I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _________________________ **[print or type full name]** of _________ **[print or type full address and telephone number]** as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: ____________________________

City and State where sworn and signed: ____________________________

Printed name: ____________________________

Signature: ____________________________

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1960 E. Grand Avenue, Suite 1260, El Segundo, California 90245.

On **October 28, 2026,** I served the foregoing document(s) described as: **DISCOVERY MATTER STIPULATED PROTECTIVE ORDER** on the interested party(ies) in this action:

**SEE ATTACHED SERVICE LIST**

☒ **BY CM/ECF:** I certify that on **October 28, 2026**, I electronically filed the foregoing document(s) and that it/they is/are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☐ **BY ELECTRONIC SERVICE.** I caused a copy of the document(s) referenced above to be served via email to the individual(s) on the attached Service List.

**(FEDERAL)** I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on **October 28, 2026**, at El Segundo, California.

Alinda Turner

**SERVICE LIST**

**DIGITALBRIDGE GROUP, INC., et al. v. NATIONAL FIRE & MARINE INSURANCE COMPANY, et al.**
***U.S.D.C. Central District of California Case No.* 2:26-cv-04587-SPG-E**

| | |
|---|---|
| David P. Schack<br>Alice M. Kyureghian<br>Matthew B. O'Hanlon<br>Hira Yoshihara-Saint<br>**BARNES & THORNBURG LLP**<br>2029 Century Park East, Suite 300<br>Los Angeles, CA 90067<br>Tel: (310) 284-3880<br>Fax: (310) 284-3894<br>AKyureghian@btlaw.com<br>David.Schack@btlaw.com<br>Matthew.Ohanlon@btlaw.com<br>Hira.Saint@btlaw.com | *Attorneys for Plaintiffs*<br>DigitalBridge Group, Inc.,<br>Formation Capital LLC and<br>Formation Capital Assets Management III, LLC |

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1960 E. Grand Avenue, Suite 1260, El Segundo, California 90245.

On **October 28, 2026,** I served the foregoing document(s) described as: **[PROPOSED] ORDER RE: DISCOVERY MATTER STIPULATED PROTECTIVE ORDER** on the interested party(ies) in this action:

**SEE ATTACHED SERVICE LIST**

☒ **BY CM/ECF:** I certify that on **October 28, 2026**, I electronically filed the foregoing document(s) and that it/they is/are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☐ **BY ELECTRONIC SERVICE.** I caused a copy of the document(s) referenced above to be served via email to the individual(s) on the attached Service List.

**(FEDERAL)** I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on **October 28, 2026**, at El Segundo, California.

Alinda Turner

## SERVICE LIST

**DIGITALBRIDGE GROUP, INC., et al. v. NATIONAL FIRE & MARINE INSURANCE COMPANY, et al.**
***U.S.D.C. Central District of California Case No.* 2:26-cv-04587-SPG-E**

| | |
|---|---|
| David P. Schack<br>Alice M. Kyureghian<br>Matthew B. O'Hanlon<br>Hira Yoshihara-Saint<br>**BARNES & THORNBURG LLP**<br>2029 Century Park East, Suite 300<br>Los Angeles, CA 90067<br>Tel: (310) 284-3880<br>Fax: (310) 284-3894<br>AKyureghian@btlaw.com<br>David.Schack@btlaw.com<br>Matthew.Ohanlon@btlaw.com<br>Hira.Saint@btlaw.com | *Attorneys for Plaintiffs*<br>DigitalBridge Group, Inc.,<br>Formation Capital LLC and<br>Formation Capital Assets Management III, LLC |